LEE, J.,
for the Court:
¶ 1. Helen and Earl James had been married for 34 years at the time of trial and had one adult son. They agreed to terminate their marriage on the ground of irreconcilable differences and to allow the Court to decide all of the other issues between them. The sole issue on this appeal is whether the chancellor erred in awarding Earl $12,000 that he had received from an inheritance which was used to acquire a lot next door to the James’s home. The title to this property was in both Earl and Helen’s names. The chancellor determined that the property was to be partitioned by sale and, after payment of the costs of the sale, Earl would receive the first $12,000 and the balance would be divided equally between Earl and Helen. Their total marital assets, including the $12,000 in dispute, were valued at $149,-794.
¶ 2. Aggrieved with this result, Helen appealed this issue as well as others on a prior appeal. The other issues were dismissed without merit; however this $12,-000 sum was determined by the Court of Appeals on the prior appeal to be marital property subject to distribution because it had been commingled with marital assets and used for familial purposes. The Court of Appeals reversed on this issue and directed that the case be remanded so that the chancellor could review the entirety of *493 the parties’ marital assets and determine how this particular sum should be divided.
¶ 8. On remand the chancellor found that the original disposition of property between Mr. and Mrs. James would remain the same, that is, that the entire amount would be granted to Mr. James despite the fact that the Court of Appeals had determined that the $12,000 was a marital asset. Though the chancellor on remand erred in its factual statement that the parties shared no children, it was factually correct on this point in its original opinion when the property was initially distributed. This initial division of assets was calculated by the chancellor pursuant to the guidelines set forth in Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994), specifically taking into account that the contributions and efforts of the marital partners in the accumulation of the property would be assumed to be of equal value in accordance with Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). The property was thus distributed in such a manner that Helen’s share, evaluated at $82,030, represented approximately fifty-five percent of the Jameses’ total marital assets, and Earl’s share, evaluated at $67,764.37, represented approximately forty-five percent of the assets. Earl’s share of the assets included the $12,000 now in question.
¶ 4. The proper disposition of this $12,000 must be considered in light of all the marital assets available for distribution and the lower court’s actual distribution of those assets. This amount cannot be isolated from the rest of the marital assets as though it were placed in a vacuum. “In the final analysis, all awards should be considered together tq determine that they are equitable and fair.” Ferguson, 639 So.2d at 929. Ferguson, 639 So.2d at 928, governs the process which chancellors should consider when making the equitable distribution of marital property in Mississippi. That case lists the guidelines, though not exclusive, to be considered in such cases as follows:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
In addition, Ferguson asserts that an automatic right to the equal division of jointly- *494 accumulated property does not exist, but rather, division is left to the discretion of the chancellor. Ferguson, 639 So.2d at 927 (citing Draper v. Draper, 627 So.2d 302, 305 (Miss.1993)). Below is an accounting which is in accord with the chancellor’s initial identification and distribution of assets which this Court believes to be correct and should be affirmed.
To Earl: To Helen: Total:
4,000 Stock $4,000 8,000
Wife’s IRA 2,700 2.700
Husband’s IRA 4,734 4^ w tf*
Husband’s guns 3,000 CO o O
Car 6,000 6,000
Jewelry-20,000 20,000
Doll collection 10,000 10,000
2,330 Cash 2,330 4,660
4,700 Husband’s 401k 4.700
49,000 (37,000 x 12,000) Home & lot* 37,000 86,000
67,764 (45%) TOTAL 82,030 (55%) 149,794
* Value of house & lot = $86,000
for inheritance Less 12,000 to Earl
Balance 74,000 divided by 2 = 37,000 each to Helen and Earl
¶ 5. It is clear that the chancellor considered the value of Earl’s $12,000 inheritance in relationship to the marital assets, following the Ferguson guidelines together with the evidence presented by the parties, in determining an equitable distribution of all the assets which resulted in a division giving forty-five percent of the total assets to Earl and fifty-five percent to Helen. Helen is now additionally asking for one-half of a $12,000 sum that is included in Earl’s forty-five percent. According to Ferguson, 639 So.2d at 927, Helen has no automatic right to the equal division of this amount simply because this Court has now determined it to be marital property. Such division is left to the discretion of the court.
¶ 6. This Court denied Helen’s previous appeal asking for a lump sum award as well as an increase in periodic alimony and full payment of attorney’s fees. She had also asked for half of the $12,000 that the lower court called separate property and awarded to Earl. This Court reversed only on the identification of the $12,000 amount as non-marital property and remanded so that the chancellor could determine how it should be divided. On remand, the chancellor chose to leave the amount to Earl in full, as he had done in the initial distribution, having determined that the property had already been equitably distributed, as illustrated above, and that provision had been made for Helen.
¶ 7. This Court must review the chancellor’s decision under the well-known standard set forth by the Mississippi Supreme Court: “This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Brennan v. Brennan, 638 So.2d 1320, 1323 (Miss.1994). We cannot say that the distribution of the $12,000 to Earl was a manifest abuse of the chancellor’s discretion in light of the fact that in the final analysis all awards must be considered together to determine that they are equitable and fair. Ferguson, 639 So.2d at 929. This Court will not reweigh the evidence, considering the deferential standard of review, regarding Helen’s claim that her living expenses are high and thus justify this award since there is no finding that the chancellor was manifestly *495 wrong or clearly erroneous in the manner in which he divided the property. Ferguson, 639 So.2d at 930; Brennan, 638 So.2d at 1323. The prior appeal to this Court declined Helen’s request for more than half of the funds in a joint Trustmark account as well as full payment of her attorney’s fees, finding that one-half payment was adequate. The Court also denied Helen an increase in periodic alimony and any award of lump sum alimony. In support of denying lump sum alimony this Court actually stated that the chancellor had “dutifully provided for Helen but was not bound to leave Earl destitute.”
¶ 8. We will not disturb the findings of the chancellor, following Brennan, 638 So.2d at 1323, because we do not find that he was manifestly wrong, clearly erroneous or applied an erroneous legal standard. Also, since according to Ferguson, 639 So.2d at 927, there is no automatic right to an equal division of a marital asset and in the end all awards should be considered together to determine that they are equitable and fair, we find that this award to Earl is within the limits of discretion granted to the chancellor and decline to disturb it.
¶ 9. THE JUDGMENT OF THE JONES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, AND THOMAS, JJ., CONCUR.
KING, P.J., CONCURS IN RESULT ONLY.
PAYNE, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P. J.